Frank A. Gulotta, J.
This is a motion by one defendant to dismiss the complaint for lack of prosecution wherein no notice has been given to the codefendants.
Aside from the fact that the moving papers do not disclose whether any cross claims have been made between defendants, the court deems it appropriate that notice of this application be given to the codefendants.
There appears to be no specific section of the Civil Practice Act covering the subject, although there is a general requirement that motions which are not purely pro forma, be made on notice to all adverse parties. (Tripp, Guide to Motion Practice [Rev. ed.], p. 6; 1 Carmody-Wait, New York Practice, p. 636.)
This same principle has been applied to a coparty whose rights might have been adversely affected by a motion. (60 C. J. S., Motions and Orders, § 18, subd. c; Mairs v. Remsen, 3 Code Rep. 138.)
Since there is a right of contribution between joint tortfeasors who have been joined in one action by the aggrieved party, codefendants would qualify as interested parties, at least to the extent of receiving notice of the application.
If the moving party is unable to ascertain the names and addresses of the attorneys appearing for the several parties, he may direct his notice to the parties themselves.
The motion is denied, without prejudice to renewal, in accordance with this memorandum. Short-form order signed.